IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANE DOE | : | |
| v. | : | Civil Action No. DKC 26-4595 |
| DISTRICT OF COLUMBIA, et al. | : | |

**ORDER**

Plaintiff filed this Complaint on November 3, 2026, redacting her name to "Jane Doe." (ECF No. 1). Although footnote 1 of the Complaint indicates that Plaintiff will file a motion to proceed under a pseudonym, no such motion has been filed.

As a general rule, "[t]he title of the complaint must name all the parties," Fed.R.Civ.P. 10(a), and "[a]n action must be prosecuted in the name of the real party in interest," Fed.R.Civ.P. 17(a). In addition, Local Rule 102.a requires the names and address of all parties on the Complaint:

> The case caption on all court documents shall contain only a short title, consisting of the names of the first plaintiff and the first defendant only, and the civil action number. This Rule shall not apply to the original complaint (which shall contain the names and addresses of all parties and the county of residence of any Maryland party) or any pleading seeking to add a new party (which shall contain the short caption and the name and address of the parties sought to be added and the county of residence of any Maryland party sought to be added).

The court must weigh the right of public access, which 'derives from two independent sources: the common law and the First Amendment,'" against competing interests. The public's right of access to those documents derives from the First Amendment.

In exceptional cases, however, a court will allow a plaintiff to proceed anonymously to protect his or her identity from the public. A plaintiff may be permitted to proceed anonymously where he or she demonstrates (1) that the matter is of a "sensitive and highly personal nature," or (2) that disclosure of his or her real name might pose "a risk of retaliatory physical or mental harm to the [plaintiff]." *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993); *see also Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 467 (E.D.Pa. 1997).

Before ordering that any portion of the court record be sealed, the court must undertake certain procedures to assure that all relevant interests are considered. The relevant standard in this district is set forth by Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection.

The Complaint was filed in contradiction to federal and local rules. If Plaintiff wishes to proceed on the Complaint, as filed, she may file a motion that contains "specific factual representations" that would justify sealing her name and address and "an explanation why alternatives to sealing would not provide sufficient protection" in accordance with Local Rule 105.11 along with an unredacted version of the Complaint within twenty-one (21) days.

Accordingly, it is this 17th day of November, 2026, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Plaintiff is directed to file a motion to proceed anonymously and an unredacted version of the Complaint within twenty-one (21) days; and

2. The Clerk will transmit a copy of this Order to counsel for Plaintiff.

/s/
DEBORAH K. CHASANOW
United States District Judge