IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANE DOE | : | |
| v. | : | Civil Action No. DKC 26-4595 |
| DISTRICT OF COLUMBIA, et al. | : | |

**ORDER**

Plaintiff initiated this action on November 3, 2026, by filing a Complaint identifying herself as "Jane Doe." (ECF No. 1). The court issued an Order on November 17, 2026, advising Plaintiff that if she wishes to proceed anonymously, she must file a motion to proceed under a pseudonym and unredacted version of the Complaint. (ECF No. 10). On November 20, 2026, Plaintiff filed, under seal, a motion to proceed under a pseudonym, an unredacted version of the Complaint, and motions to seal each document. (ECF Nos. 11, 12). Both motions to seal will be denied without prejudice and Plaintiff will be provided time to file a motion to seal for public viewing. Plaintiff's motion for leave to proceed under the pseudonym Jane Doe and unredacted Complaint will remain sealed until the court decides the anticipated renewed motion to seal.

Courts in this circuit must balance the individual's privacy interest with the "qualified right of access to judicial documents and records filed in civil and criminal proceedings" of the press

and the general public. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014); *see also Rock v. McHugh*, 819 F.Supp.2d 456, 475 (D.Md. 2011) (noting that certain sensitive personal information may be sealed). As the *Public Citizen* court explained:

> When presented with a motion to seal, the law in this Circuit requires a judicial officer to comply with the following procedural requirements: (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

*Id.* at 272 (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 234–35 (4th Cir. 1984)). Likewise, Local Rule 105.11 requires the party seeking sealing to provide "(a) proposed reasons supported by specific factual representations to justify the sealing and (2) an explanation why alternatives to sealing would not provide sufficient protection." Upon the re-filing of a public motion to seal, the "The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties." L.R. 105.11.

Accordingly, it is this 20th day of November, 2026, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Plaintiff's motions to seal, (ECF Nos. 11-2, 12-1), BE and the same hereby ARE, DENIED without prejudice;

2. Plaintiff IS PROVIDED fourteen (14) days to file a renewed motion to seal for public viewing relating to her motion for leave to proceed under the pseudonym Jane Doe and unredacted Complaint; and

3. The Clerk will transmit a copy of this Order to counsel for Plaintiff.

/s/
DEBORAH K. CHASANOW
United States District Judge